# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**CARDIONAL VINES CARTER,**

    **Plaintiff,**

                                        **Civil Action 2:12-cv-795**
    v.                              **Judge Michael H. Watson**
                                        **Magistrate Judge Elizabeth P. Deavers**

**TWIN VALLEY BEHAVIOR,** *et al.,*

    **Defendants.**

## ORDER AND REPORT AND RECOMMENDATION

Plaintiff, Cardional Vines Carter, an Ohio resident proceeding without the assistance of counsel, has submitted a request to file a civil action *in forma pauperis*. (ECF No. 1.) Plaintiff's request to proceed *in forma pauperis* is **GRANTED**. All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C. § 1915(a).

This matter is also before the Court pursuant to an initial screen of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e). For the reasons that follow, it is **RECOMMENDED** that Plaintiff's Complaint be **DISMISSED** for failure to state a claim.

## I. STANDARD

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id.* at 31 (quoting *Neitzke v. Williams*, 490

U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)[1] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> \* \* \*
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Fed. R. Civ. P. 8(a). *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. § 1915(e)(2)(B)(ii)). Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Furthermore, a complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure,

---

[1] Formerly 28 U.S.C. § 1915(d).

2

"a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In considering whether this facial plausibility standard is met, a Court must construe the complaint in the light most favorable to the non-moving party, accept all factual allegations as true, and make reasonable inferences in favor of the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citations omitted). Additionally, the Court must construe *pro se* complaints liberally. *Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 362 (6th Cir. 2010). The Court is not required, however, to accept as true mere legal conclusions unsupported by factual allegations. *Iqbal*, 129 S.Ct. at 1949.

## II. APPLICATION

Plaintiff has failed to state a claim upon which relief may be granted. Plaintiff's Complaint borders on the illegible. The Undersigned will nevertheless describe Plaintiff's Complaint to the best extent possible. Plaintiff lists five defendants in the caption of her Complaint, using these words: Twin Valley Behavior; RN - Frank - Unit (7); Sunie Cross Head of Saft; RN - Nance Unit (7); Dr. Memmno (7). (Compl. 1, ECF No. 1-2.) The best the Undersigned can discern, the entirety of Plaintiff's claim is as follows:

> I had been in Twin Valley 5-24-2012 until 6-11-2012. When I was given forced psychotropes medication. I went to Court 5-18-2012. I had been writing letters to Nurse Frank. Also it was put in my chart that I had no forced psychotropes medication order from the Judge Robert G. Montgomary 5-18-2012. I had showed and told the shift 1st 2nd shift the form from the Judge. They still abuse me every day with medication.

*Id.* at 3.

Plaintiff seeks $460 million dollars in damages. Plaintiff also seeks to have her medical bills paid in full and her "record to be cleared." *Id.* at 4.

Even affording Plaintiff's Complaint the most liberal construction, Plaintiff has failed to state a claim to relief that is plausible on its face. Plaintiff appears to allege that someone at Twin Valley forced her to take certain medications against her will. Plaintiff does not state who allegedly forced her to take the medication in question. Nor does Plaintiff state clearly the legal injury she allegedly suffered. *See* Fed. R. Civ. P. 8(a) ("A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . ."). The Undersigned could only speculate as to what Plaintiff is trying to say, and what, if any, basis for relief might be available to her. The Undersigned, therefore, **RECOMMENDS** that Plaintiff's Complaint be **DISMISSED** for failure to state a claim.

### III. PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate

judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

**IT IS SO ORDERED**

Date: September 24, 2012                     /s/ *Elizabeth P. Deavers*
                                             Elizabeth P. Deavers
                                             United States Magistrate Judge