UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**CARDIONAL VINES CARTER,**

    **Plaintiff,**

    v.

                          Civil Action 2:12-cv-795
                          Judge Michael H. Watson
                          Magistrate Judge Elizabeth Deavers

**TWIN VALLEY BEHAVIOR,** *et al.,*

    **Defendants.**

## ORDER

This matter is before the Court for consideration of the September 24, 2012 Report and Recommendation of the Magistrate Judge. (ECF No. 3.) After conducting an initial screen of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e), the Magistrate Judge recommended that Plaintiff's Complaint be dismissed for failure to state a claim upon which relief may be granted. On October 9, 2012, Plaintiff filed what appears to be a proposed amended Complaint. (ECF No. 4.) To the extent Plaintiff seeks leave to amend her Complaint to cure the deficiencies noted in the Report and Recommendation, Plaintiff's Motion is **DENIED**. To the extent Plaintiff seeks to have the Court construe her proposed amended Complaint as an Objection to the Report and Recommendation, Plaintiff's Objection is **OVERRULED**. For the reasons that follow, the Report and Recommendation of the Magistrate Judge is **ADOPTED**. Plaintiff's Complaint is **DISMISSED** for failure to state a claim upon which relief may be granted.

## I. STANDARD

The Magistrate Judge, in her Report and Recommendation, set forth the standard governing initial screens pursuant to 28 U.S.C. § 1915(e). Finding it unnecessary to repeat the recitation of that standard here, the Court adopts the standard set forth in the Report and Recommendation.

## II. ANALYSIS

As the Magistrate Judge observed, Plaintiff's Complaint fails to state a claim upon which relief may be granted. Plaintiff appears to allege that medical personnel at Twin Valley Behavior compelled her to ingest medication against her will. Beyond that, the Court cannot discern what Plaintiff attempts to allege in her Complaint. As such, Plaintiff's allegations fail to establish a cognizable claim to relief. *See* Fed R. Civ. P. 8(a) ("A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."). The Complaint cannot withstand an initial screen pursuant to 28 U.S.C. § 1915(e), and must be dismissed.

Plaintiff's proposed amended Complaint does nothing to alter the outcome. First, to the extent Plaintiff seeks leave to amend her Complaint to cure the deficiencies set forth in the Report and Recommendation, her request is denied. Rule 15(a) of the Federal Rules of Civil Procedure permits a plaintiff to amend the complaint by leave of court. Fed. R. Civ. P. 15(a). Amendments are to be "freely granted when justice so requires." *Id.* The Sixth Circuit, however, has explained that courts should not grant leave to amend where the amendment would be futile. *Yuhasz v. Brush Wellman, Inc.*,

341 F.3d 559, 569 (6th Cir. 2003). In other words, amendments need not be granted if the amended Complaint would not survive an initial screen or a motion to dismiss. *Brown v. Owens Corning Inv. Review Comm.*, 622 F.3d 564, 574 (6th Cir. 2010) (citing *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000)). Here, Plaintiff's proposed amended Complaint fails to set forth any additional facts that could plausibly entitle her to relief. In fact, Plaintiff's new allegations are more difficult to discern than those contained in her initial Complaint. Thus, permitting Plaintiff to amend her Complaint would be futile because her amended Complaint would nevertheless fail to withstand an initial screen.

Second, even if the Court construes Plaintiff's proposed amended Complaint as an Objection to the Report and Recommendation, Plaintiff's Complaint must nevertheless be dismissed. In the first instance, "a general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice . . . ." *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) (citation omitted). Plaintiff does not specify her issues of contention with the Report and Recommendation. Moreover, as discussed above, Plaintiff's proposed amended Complaint fails to add facts sufficient to establish a cognizable claim to relief. The entirety of Plaintiff's Statement of Claim contained in her proposed amended Complaint reads as follows:

> 1) Facts. Judge Robert G. Montgomary did not write a forced psychotropes medications.
> 2) Fact. They Judge has to file in with the ones done.
> 3) Facts. It made my blood pressure [go] up.
> 4) Fact. I had mental agony distress, gr[i]ef, misery.
> 5) Facts. Pain, afflictions [illegible] on my mind [illegible].
> 6) [Illegible] Malone was involved.

(Am. Compl. 3, ECF No. 4.) Even if combined with the factual allegations in Plaintiff's

original Complaint, these new facts simply fail to implicate a cognizable claim to relief.

Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED**.  (ECF No. 3.)  To the extent Plaintiff seeks leave to amend her Complaint to cure the deficiencies noted in the Report and Recommendation, Plaintiff's Motion is **DENIED**.  (ECF No. 4.)  To the extent Plaintiff seeks to have the Court construe her proposed amended Complaint as an Objection to the Report and Recommendation, Plaintiff's Objection is **OVERRULED**.  (ECF No. 4.)  Plaintiff's Complaint is **DISMISSED** for failure to state a claim upon which relief may be granted.  The Clerk is **DIRECTED** to enter judgment in favor of Defendants and to terminate this case.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**